**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FIRST TRUST PORTFOLIOS L.P.<br>    an Illinois limited partnership,<br>    Plaintiffs,<br><br>v.<br><br>JACKSON NATIONAL LIFE INSURANCE COMPANY,<br>    a Michigan company,<br>JACKSON NATIONAL LIFE INSURANCE COMPANY of New York,<br>    a New York company,<br>JACKSON NATIONAL LIFE DISTRIBUTORS, LLC,<br>    a Delaware limited liability company,<br>JNL VARIABLE FUND, LLC,<br>    a Delaware limited liability company,<br>JACKSON NATIONAL ASSET MANAGEMENT, LLC,<br>    a Michigan limited liability company,<br>JNL INVESTORS SERIES TRUST,<br>    a Massachusetts business trust, and<br>MELLON CAPITAL MANAGEMENT CORPORATION,<br>    a Delaware corporation,<br><br>    Defendants. | Civil Action No. 08 cv 4853<br>Judge Guzman<br>Mag. Judge Schenkier<br><br>**Joint Rule 26(f) Report**<br><br>**JURY TRIAL DEMANDED** |

## JOINT RULE 26(f) REPORT

Plaintiff FIRST TRUST PORTFOLIOS L.P. (hereafter "First Trust") and defendants JACKSON NATIONAL LIFE INSURANCE COMPANY; JACKSON NATIONAL LIFE INSURANCE COMPANY OF NEW YORK; JACKSON NATIONAL LIFE DISTRIBUTORS, LLC; JNL VARIABLE FUND, LLC; JACKSON NATIONAL ASSET MANAGEMENT, LLC; JNL INVESTORS SERIES TRUST (hereafter collectively "JNL") and MELLON CAPITAL MANAGEMENT

CORPORATION (hereafter "Mellon") submit the following report summarizing the results of the parties' October 1, 2008 telephonic Rule 26(f) conference. In attendance for Plaintiff First Trust was Stephen F. Sherry* of McAndrews, Held & Malloy LTD. In attendance for defendants JNL and Mellon were James R. Ferguson* and Andrea C. Hutchison of Mayer Brown LLP.

(* Denotes Lead Trial Counsel)

## BACKGROUND

<u>Concise Factual Summary of Plaintiffs' Claims</u>

On August 25, 2008, First Trust filed a complaint against JNL and Mellon for infringement of United States Patent No. 6,920,432 ("the 432 patent"). Without permission from First Trust, JNL and Mellon have used the patented method of selecting a portfolio of securities for investment purposes in a manner that infringes one or more claims of the 432 patent.

<u>Concise Factual Summary of Defendants' Claims / Defenses</u>

The JNL and Mellon defendants have not infringed any valid and enforceable claim of the 432 patent.

<u>Pleadings</u>

The parties agree that this Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) over the allegations in the complaint and the counterclaims. The parties have timely demanded a jury trial.

Process has been served on all parties, and defendants have answered the complaint. First Trust has replied to defendants' counterclaims.

The parties propose that November 28, 2008 should be the deadline to add parties or amend pleadings without leave of Court.

PROPOSED CASE MANAGEMENT PLAN AND SCHEDULE

During the Rule 26(f) telephone conference, the parties discussed the following:

I.  SERVICE PROTOCOL

The parties have agreed to the following protocol concerning service of documents:

- All documents required to be served shall be served either by hand delivery or via FedEx (or equivalent) for next morning delivery (including Saturday delivery for Friday service). Service shall be made upon all the people identified below.

|  |  |
|---|---|
| For Plaintiff First Trust | Stephen F. Sherry<br>McAndrews, Held & Malloy<br>500 West Madison St.<br>34th Floor<br>Chicago, IL  60661<br><br>Phone: 312-775-8124<br>Fax: 312-775-8100 |
| For Defendants<br>JNL and Mellon | James R. Ferguson, Esq.<br>Mayer Brown LLP<br>71 South Wacker Drive<br>Chicago, IL  60606<br><br>Phone: 312-701-7282<br>Fax: 312-706-8421 |

- Courtesy copies of all main documents without voluminous attachments or exhibits (*e.g.*, briefs, declarations, claim charts, written discovery responses) shall be emailed in pdf form (or faxed if email is undeliverable) on the day of service to the people identified below.

| | |
|---|---|
| <u>For Plaintiff First Trust</u> | Stephen F. Sherry<br>Sara J. Bartos<br>McAndrews, Held & Malloy<br>Fax: 312-775-8100<br><br>ssherry@mhmlaw.com<br><br>sbartos@mhmlaw.com |
| For Defendants<br><u>JNL and Mellon</u> | James R. Ferguson<br>Andrea C. Hutchison<br>Mayer Brown LLP<br>Fax: 312-706-8421<br><br>JFerguson@mayerbrown.com<br><br>AHutchison@mayerbrown.com |

- These protocols will not affect the calculation of time for response established by the Federal Rules of Civil Procedure.

II. DISCOVERY

    A. <u>Subjects On Which Discovery May Be Needed</u>

The parties agree that discovery may be needed regarding the following:

- Infringement of the patent-in-suit
- Willfulness of any infringement
- Validity of the patent-in-suit
- Damages

The JNL and Mellon defendants will also seek other discovery permitted by the Federal Rules of Civil Procedure, including discovery relating to the following issues:[1]

---

[1] The parties reserve their respective rights to object to discovery on any issues that are not relevant within the meaning of Fed. R. Civ.P. 26(b)(1). The parties further object to discovery on any issues that have not been properly raised in the pleadings.

4

- Plaintiff's standing
- All defenses raised by Defendants
- Inequitable conduct and other matters relating to the enforceability of the patent
- Patent misuse
- Unfair competition
- Antitrust violations
- Adequacy of First Trust's pre-filing investigation

B.  Phasing of Discovery and Pretrial Procedures

First Trust proposes either (1) disclosure of infringement and invalidity contentions in the form and sequence set forth in the Patent Local Rules for the Northern District of California (a copy of which is attached hereto as Exhibit A), or (2) a stipulation that interrogatories requesting claim charts of such contentions are permissible discovery, and may not be objected to as premature contention interrogatories and/or germane only to expert discovery.

The JNL and Mellon defendants propose that the disclosure of infringement and invalidity contentions occur in the sequence set forth in Defendants' pre-trial schedule as described below.

C.  Electronically Stored Information

The parties have agreed that the Federal Rules of Civil Procedure should govern the discovery of Electronically Stored Information in this case.

D. <u>Form of Document Production</u>

Plaintiff First Trust proposes that documents and electronically stored information shall be produced electronically (*e.g.*, on compact discs) in an imaged format (*e.g.*, TIFF or PDF), with load files. Except as otherwise agreed by the parties or ordered by the Court, electronically stored information need not be produced in native file format (or any format other than images as described above), and metadata need not be produced. To the extent either party believes, on a case-by-case basis, that documents should be produced in an alternative format, or that metadata should be produced, First Trust proposes that the parties meet and confer in good faith concerning such alternative production arrangements.

First Trust further proposes that the parties meet and confer in good faith to ensure that the format of each party's production is compatible with the technical requirements of the receiving party's document management system.

The JNL and Mellon defendants propose that the parties meet and confer in good faith to determine the form of production of electronically-stored information. The JNL and Mellon defendants further propose that the Federal Rules of Civil Procedure should govern the discovery in this case, including Fed. R. Civ.P. 26 (b)(1) and 26(b)(2)(B).

E. <u>Fact Discovery Limits</u>

First Trust proposes a limit of 120 deposition-hours per side, including only actual on-record time (*i.e.*, not including breaks).

First Trust further proposes that no individual deposition shall exceed 7 hours, except that each party may designate up to 3 individuals to be deposed for up to 2 days (14 hours each).

First Trust also proposes that for non-party depositions, hours charged to each side will be based on total questioning time per side, regardless of which side issued notices / subpoenas for the deposition.

First Trust proposes a limit of 30 Rule 33 interrogatories per side; a limit of 75 Rule 34 production requests per side; and a limit of 50 Rule 36 requests per side, not including requests for admission concerning only the authentication and/or admissibility of documents, as to which there shall be no limit. The parties agree to make reasonable efforts to stipulate to the authenticity of documents.

The JNL and Mellon defendants propose that the Federal Rules of Civil Procedure should govern the discovery in this case, including Fed. R. Civ.P. 30(a)(2) (governing the number of depositions), 30(d)(1) (governing the length of depositions) and 33(a) (governing the number of written interrogatories).

The parties agree to exchange a preliminary list of documentary trial exhibits 30 days before filing the pretrial statement, stipulating as much as possible to the admissibility of such exhibits by 15 days before the pretrial statement and conducting limited Rule 30(b)(6) depositions on the admissibility of the remaining disputed documents before the pretrial conference. In these depositions, the deposition topics will cover only specific documents identified by production number in the notice and shall be limited to authentication and admissibility issues (*e.g.,* business records status).

7

F.     <u>Privilege Logs</u>

The parties agree that privilege logs need not include privileged communications relating to the litigation, generated after the filing date of the litigation, even if otherwise responsive.

The parties also agree that privilege logs will be exchanged not later than 60 days before the fact discovery cut-off date.

G.     <u>Protective Orders</u>

The parties agree to meet and confer in good faith in an effort to reach an agreement on the precise terms of the protective order to be presented to the Court for approval.

H.     <u>Expert Discovery Limitations</u>

The parties agree that draft expert reports will not be the subject of discovery or inquiry at trial.

Plaintiff First Trust further proposes that these exclusions do not apply to any communications or documents on which experts intend to rely; such communications or documents shall be subject to discovery or inquiry at trial. Further, notwithstanding the foregoing, all documents provided or made known to experts (including, without limitation, publications and documents produced in discovery), other than those generated for the purpose of the litigation and/or for the purpose of communicating with the expert, that were considered by the expert in formulating his or her opinion (whether or not they support the opinion) are discoverable and may be the subject of questioning at deposition and trial.

8

The JNL and Mellon defendants propose that, subject to the above agreement, the Federal Rules of Civil Procedure should govern expert discovery in this case, including Fed. R. Civ.P. 26(a)(2).

### III. CLAIM CONSTRUCTION AND MARKMAN HEARING

As indicated in the schedule proposed below, Plaintiff First Trust proposes that the parties follow the process and procedures established by the Patent Local Rules in the Northern District of California (a copy of which is attached hereto as Exhibit A).

The JNL and Mellon defendants propose that the parties follow the procedure set forth in the Defendants' proposed pre-trial schedule, as described below. If the Court determines that a *Markman* hearing is appropriate, Defendants' proposed schedule can accommodate such a hearing following the close of expert discovery on claim construction issues. This will allow the parties sufficient time to conduct discovery, while avoiding premature contention discovery.

### IV. BIFURCATION / PHASING

Plaintiff First Trust does not believe that any issues should be bifurcated for discovery or trial purposes.

The JNL and Mellon defendants believe that the issue of "willful infringement" should be bifurcated for discovery and trial.

V.  SETTLEMENT POTENTIAL

Other than mandatory settlement conferences that might be scheduled by the Court, the parties do not presently have any plans to engage in settlement talks or in ADR procedures.

VI.  SCHEDULING

The parties were not able to reach agreement over pre-trial schedules and, therefore, submit separate scheduling proposals for the Court's consideration.

Plaintiff First Trust proposes following the procedures and timeline established by the Patent Local Rules in the Northern District of California (a copy of which is attached hereto as Exhibit A). This would result in the parties being ready to conduct a *Markman* claim construction hearing in May 2009, subject to the Court's availability. Further, the schedule proposed by Plaintiff First Trust is intended to have this case "trial ready" by mid-May 2010.

**FIRST TRUST'S PROPOSED CASE MANAGEMENT SCHEDULE**

| Pretrial Event | Proposed Date | Notes / Comments |
| --- | --- | --- |
| Deadline for exchange of Initial Disclosures per FRCP 26(a). | Nov 3, 2008 (Mon) | |
| Disclosure of asserted claims and preliminary infringement contentions and related documents. | Oct 29, 2008 (Wed) | Claim Construction Procedure based on N.D. CA. Patent L.R. 3-1 and 3-2. |
| Deadline for filing all motions to join other parties or to amend the pleadings. | Nov 28, 2008 (Fri) | |

| **Pretrial Event** | **Proposed Date** | **Notes / Comments** |
|---|---|---|
| Disclosure of preliminary invalidity contentions and related documents. | Dec 15, 2008 (Mon) | Patent L.R. 3-3 and 3-4. |
| Exchange proposed terms and claim elements for construction. | Dec 29, 2008 (Mon) | Patent L.R. 4-1. |
| Exchange of preliminary claim constructions and extrinsic evidence. | Jan 19, 2009 (Mon) | Patent L.R. 4-2. |
| Exchange disclosure of claim construction experts. | Jan 19, 2009 (Mon) | Patent L.R. 4-2. |
| Exchange expert reports on claim constructions. | Jan 30, 2009 (Fri) | |
| File joint claim construction and prehearing statement. | Feb 13, 2009 (Fri) | Patent L.R. 4-3. |
| Complete all discovery regarding claim construction, including depositions with respect to claim construction of any experts or other witnesses. | Mar 16, 2009 (Mon) | Patent L.R. 4-4. |
| Parties file opening claim construction briefs. | Mar 30, 2009 (Mon) | Patent L.R. 4-5(a). |
| Parties file responsive claim construction briefs. | Apr 13, 2009 (Mon) | Patent L.R. 4-5(b). |
| Parties file reply claim construction briefs. | Apr 22, 2009 (Wed) | Patent L.R. 4-5(c). |
| *Markman* claim construction hearing. | May 6, 2009 (Wed) | Patent L.R. 4-6. This is subject to the district court's calendar. |
| Exchange of disclosure of any remaining experts. | 15 days after *Markman* Order issued. | |
| Defendant discloses intent to | 50 days after | |

| **Pretrial Event** | **Proposed Date** | **Notes / Comments** |
|---|---|---|
| rely on opinion of counsel. | *Markman* Order issued. | |
| Produce opinions of counsel. | 50 days after *Markman* Order issued. | |
| Exchange expert reports for topics upon which the party has the burden. | 70 days after *Markman* Order issued. | |
| Exchange rebuttal expert reports. | 90 days after *Markman* Order issued. | |
| Non-expert (fact) discovery cut-off (i.e., last day responses to discovery can be due). | 100 days after *Markman* Order issued. | |
| Last day for serving / filing motions to compel non-expert (fact) discovery. | 10 days after non-expert discovery cut-off. | |
| Expert discovery cut-off. | 110 days after *Markman* Order issued. | |
| Last day for serving / filing dispositive motions (other than motions in limine). | 28 days after non-expert discovery cut-off. | |
| Briefs due in opposition to discovery and/or dispositive motions. | 56 days after non-expert discovery cut-off. | |
| Reply briefs due supporting discovery and/or dispositive motions. | 70 days after non-expert discovery cut-off. | |
| Last day for oral argument on pending discovery and/or dispositive motions. | 84 days after non-expert discovery cut-off. | |
| Exchange exhibit lists and | 110 days before trial. | |

| **Pretrial Event** | **Proposed Date** | **Notes / Comments** |
|---|---|---|
| witness lists. | | |
| Exchange objections to exhibits listed. | 90 days before trial. | |
| Exchange proposed jury instructions, verdict forms and draft agreed to statement of the case. | 90 days before trial. | |
| Exchange affirmative deposition testimony designations. | 70 days before trial. | |
| Due date for serving / filing any memorandum of fact and law contentions; and witness list. | 56 days before trial. | |
| Exchange rebuttal deposition testimony designations and objections to affirmative designations. | 49 days before trial. | |
| Exchange objections to rebuttal deposition designations. | 35 days before trial. | |
| Final Pretrial Order. | TBD | |
| Final Pretrial Conference | TBD | |
| Trial (estimated 11 days). | Target Date – Mid-May 2010 | |

13

**JNL AND MELLON DEFENDANTS' PROPOSED SCHEDULE**

The JNL and Mellon defendants propose the following schedule which provides for the parties to exchange proposed claim construction terms in March 2009 and to complete fact discovery in October 2009. This schedule will permit the Court to schedule a *Markman* hearing after the parties have completed fact discovery.

| | |
|---|---|
| November 3, 2008 | Begin fact discovery and serve Rule 26(a)(1) initial disclosures |
| November 28, 2008 | Deadline to add parties or amend pleadings without leave of Court |
| March 27, 2009 | Parties to exchange proposed terms and claim elements for construction |
| May 1, 2009 | Parties to exchange preliminary proposed claim construction and extrinsic evidence supporting same |
| May 29, 2009 | Exchange disclosure of claim construction experts |
| July 7, 2009 | Exchange expert reports on claim construction |
| July 10, 2009 | Deadline for serving all written discovery requests, *i.e.*, interrogatories, document requests, and/or admission requests |
| August 7, 2009 | Deadline for responses to all written discovery requests, including production of documents and things |
| August 7, 2009 | Deadline for depositions of claim construction experts and all other claim construction discovery |
| August 14, 2009 | Simultaneous initial claim construction briefs |

| | |
|---|---|
| September 11, 2009 | Responsive claim construction briefs |
| October 30, 2009 | Close of fact discovery |
| 30 days after *Markman* order | Exchange disclosure of remaining experts |
| 70 days after *Markman* order | Each party shall serve expert reports on issues for which that party bears the burden of proof |
| 90 days after *Markman* order | Each party shall serve rebuttal reports |
| 150 days after *Markman* order | Close of expert discovery |
| 180 days after *Markman* order | Deadline for filing dispositive motions |
| TBD | Pre-trial order |


By: /s/ Stephen F. Sherry

Dated: October 10, 2008

Stephen F. Sherry
Lawrence M. Jarvis
Sara J. Bartos
McAndrews, Held & Malloy
500 West Madison St.
34th Floor
Chicago, IL  60661

Phone: 312-775-8124
Fax: 312-775-8100

Attorneys for
Plaintiff First Trust

By: /s/ James R. Ferguson

Dated: October 10, 2008

James R. Ferguson
Andrea C. Hutchison
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL  60606

Phone: 312-701-7282
Fax: 312-706-8421

Attorneys for
JNL and Mellon Defendants