IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRST TRUST PORTFOLIOS L.P.<br>    an Illinois limited partnership,<br><br>        Plaintiff,<br>v.<br><br>JACKSON NATIONAL LIFE INSURANCE COMPANY,<br>    a Michigan company,<br>JACKSON NATIONAL LIFE INSURANCE COMPANY OF NEW YORK,<br>    a New York company,<br>JACKSON NATIONAL LIFE DISTRIBUTORS, LLC,<br>    a Delaware limited liability company,<br>JNL VARIABLE FUND, LLC,<br>    a Delaware limited liability company,<br>JACKSON NATIONAL ASSET MANAGEMENT, LLC,<br>    a Michigan limited liability company,<br>JNL INVESTORS SERIES TRUST,<br>    a Massachusetts business trust, and<br>MELLON CAPITAL MANAGEMENT CORPORATION,<br>    a Delaware corporation,<br><br>        Defendants. | Civil Action No. 08 cv 4853<br><br>JUDGE GUZMAN<br>MAGISTRATE JUDGE SCHENKIER<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION FOR
VOLUNTARY DISMISSAL WITH PREJUDICE OF
<u>PATENT INFRINGEMENT COMPLAINT PURSUANT TO FED. R. CIV. P. 41(a)(2)</u>**

Plaintiff First Trust Portfolios L.P. ("First Trust") respectfully moves the Court for an Order under FED. R. CIV. P. 41(A)(2) dismissing its patent infringement complaint with prejudice against all Defendants. Additionally, First Trust has granted Defendants a waiver of all past damages and an unequivocal covenant-not-to-sue with respect to the patent-in-suit. *See* First Trust's Statement of Non-Liability, attached hereto as Exhibit A. Accordingly, based on the

1

controlling authority of *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995) and its progeny, the Defendants' patent-related declaratory judgment counterclaims are no longer supported by an actual case or controversy and should also be dismissed for lack of subject matter jurisdiction.

I. **PROCEDURAL HISTORY**

This patent infringement lawsuit is <u>only five months old</u>, having been filed on August 25, 2008. Defendants answered the Complaint and served counterclaims[1], to which First Trust replied on October 8, 2008. On November 26, 2008, Defendants amended their Answers and added new Counterclaims.[2] The pleadings closed only about a month ago.

To date, a small amount of documents have been exchanged by the parties in discovery in response to standard sets of written discovery requests, but no depositions have been noticed or taken. Defendants recently filed a discovery motion presently scheduled for hearing before Magistrate Judge Schenkier on January 29, 2009.

Just a few weeks ago, Defendants produced to First Trust a revised Securities and Exchange Commission prospectus for each of the accused funds in this action (Revised Prospectus for JNL Investors Series Trust, effective December 29, 2008; and for JNL Variable Fund, effective December 15, 2008). In each revised prospectus, Defendants modified the infringing investment strategies that were used to generate the funds named in First Trust's Complaint.

---

[1] Defendants' original counterclaims were all patent-related, seeking a declaration of non-infringement and a declaration of patent invalidity.

[2] Defendants' amendment of their counterclaims added additional counts for declaration of patent unenforceability, unfair competition under the Lanham Act, common law unfair competition, and violation of the Illinois Uniform Deceptive Trade Practices Act.

First Trust promptly examined Defendants' revised prospectuses. On January 14, 2009, First Trust proposed that the parties dismiss their respective claims with prejudice, each side bearing its own costs and fees. A week later, Defendants' counsel rejected First Trust's proposal. First Trust now seeks to voluntarily terminate its patent infringement complaint against all Defendants with prejudice pursuant to FED. R. CIV. P. 41(a)(2). First Trust's waiver of all rights to past damages, as well as its unequivocal covenant-not-to-sue any of the Defendants with respect to the patent-in-suit, divests the Court of subject matter jurisdiction over the Defendants' patent-related declaratory judgment counterclaims, which should also be dismissed.

## II.     APPLICABLE LEGAL PRINCIPLES

### A.    Voluntary Dismissal Under Rule 41(a)(2) Is Committed To The Discretion of The District Court

Federal Rule of Civil Procedure 41 provides in pertinent part:

> [A]n action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

FED. R. CIV. P. 41(a)(2).

### B.    Subject Matter Jurisdiction Requires An Actual Controversy To Avoid Concurrent Dismissal Of Defendants' Patent-Related Declaratory Judgment Counterclaims

First Trust's voluntary dismissal with prejudice of its patent infringement complaint against all Defendants, coupled with First Trust's Statement of Non-Liability with respect to all Defendants, terminates any actual case or controversy (now and forever) between the parties over the patent-in-suit.

3

Because the Defendants' patent-related counterclaims are based on the Declaratory Judgment Act, Defendants bear the burden of showing <u>an actual controversy</u> remains to be litigated:

> Our decisions have required that the dispute be definite and concrete, touching the legal relations of the parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. .... Basically, the question in each case is whether the facts alleged, <u>under all the circumstances</u>, show that there is a substantial controversy, between parties having adverse legal interests, of <u>sufficient immediacy and reality</u> to warrant the issuance of a declaratory judgment.

*MedImmune, Inc. v. Genetech, Inc.*, 127 S. Ct. 764, 772 (2007) (emphases added). In *Super Sack*, the Federal Circuit held that a patent owner's covenant-not-to-sue an alleged infringer divested the district court of subject matter jurisdiction over the alleged infringer's declaratory judgment counterclaims. *Super Sack*, 57 F.3d at 1059-60. There, the patentee provided the following covenant: "Super Sack will unconditionally agree not to sue Chase for infringement as to any claim of the patents-in-suit based upon the products currently manufactured and sold by Chase." *Id.* at 1056. The Federal Circuit held that, in promising not to sue, Super Sack eliminated "the existence of an actual controversy," thereby rendering the declaratory judgment claim nonjusticiable. *Id.* at 1055, 1060. *See also Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 638 (Fed. Cir. 1991) (affirming the district court's conclusion that filing of a "Statement of Non-Liability" rendered moot the case or controversy and required the court to dismiss for lack of subject matter jurisdiction).

The Federal Circuit's decision in *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340 (Fed. Cir. 2007) clarifies that a covenant-not-to-sue continues to be sufficient to divest a trial court of subject matter jurisdiction, applying the legal standard for maintaining a declaratory judgment action as set forth in *MedImmune*. In *Benitec*, the plaintiff filed for patent

4

infringement, and the defendant responded with declaratory counterclaims of invalidity and unenforceability. After the Supreme Court issued its decision in *Merck KgaA v. Integra Lifesciences I, Ltd.*, 545 U.S. 193 (2005), the plaintiff sought dismissal because it had no viable infringement claims against the defendant. *Benitec*, 495 F.3d at 1343.

In response, the defendant argued that the court maintained jurisdiction over the matter because the defendant intended to expand its technology to cover products that would be allegedly infringing. *Id.* at 1348. The district court dismissed both the complaint and counterclaims. *Id.* at 1349. On appeal, the plaintiff stipulated that it "covenants and promises not to sue [defendant] for patent infringement arising from activities and/or products occurring on or before the date dismissal was entered in this action-September 29, 2005." *Id.* at 1352.

Applying the *MedImmune* standard, the Federal Circuit upheld the dismissal of the defendant's counterclaims for lack of jurisdiction, on the ground that there was no "substantial controversy, between [plaintiff and defendant], of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 1343. Regarding defendant's future plans to engage in allegedly infringing activities, the court concluded that the defendant "has not shown that its discussions [regarding expansion] into [potentially infringing] products meet the immediacy and reality requirement of *MedImmune*." *Id.* at 1348. The court held:

> In the instant case, [plaintiff] made its covenant and sought dismissal of its infringement claim after it concluded that the *Merck* decision precluded an infringement claim based upon the activities of [defendant] on which [plaintiff] had instituted its suit. Under these circumstances, there is no controversy between the parties concerning the infringement by [defendant].

*Id. See also Furmniator, Inc. v. Ontel Prods. Corp.*, 246 F.R.D. 579, 590 (E.D. Mo. 2007) (dismissing defendants' declaratory judgment counterclaims, finding that "plaintiff has given defendants a covenant not to sue which is as broad as the covenant that the Federal Circuit found

5

sufficient to destroy any actually case or controversy for purposes of declaratory judgment in *Benitec*.").

### III. FIRST TRUST'S BROAD AND UNEQUIVOCAL COVENANT-NOT-TO-SUE VITIATES SUBJECT MATTER JURISDICTION OVER DEFENDANTS' DECLARATORY JUDGMENT COUNTERCLAIMS

First Trust has expressly promised the Defendants that it will never assert the claims of the '432 patent against them. Further, First Trust has specifically waived its right to recover past damages for infringement of the '432 patent. As a result of the damages waiver and covenant-not-to-sue, Defendants cannot, as a matter of law, assert that there still exists any real and substantial controversy of "sufficient immediacy and reality" which would support the ongoing jurisdiction of this Court over Defendants' counterclaims for declaratory judgment of patent noninfringement, invalidity and/or unenforceability. *MedImmune,* 127 S. Ct. at 772.

Like the defendants in *Super Sack,* here, the Defendants can have "no cause for concern that [they] can be held liable for any infringing acts...." *Super Sack,* 57 F.3d at 1059. Accordingly, there is no longer any live case or controversy with respect to the infringement, validity, or enforceability of the '432 patent, and therefore, Defendants' counterclaims seeking declaratory judgment should be dismissed for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) along with the dismissal with prejudice of Plaintiff First Trust's patent infringement complaint.

### CONCLUSION

Based upon the Statement of Non-Liability that First Trust has granted to Defendants, the Court should dismiss First Trust's patent infringement complaint with prejudice and concurrently dismiss the Defendants' declaratory judgment counterclaims pursuant to FED. R. CIV. P. 12(b)(1).

6

Respectfully submitted,

Dated: January 27, 2009      By:    /s/ Stephen F. Sherry
Lawrence M. Jarvis
Stephen F. Sherry
Sara J. Bartos
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000
(312) 775-8100 (fax)

Attorneys for Plaintiff,
FIRST TRUST PORTFOLIOS L.P.

## CERTIFICATE OF SERVICE

The undersigned herby certifies that on January 27, 2009 a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE OF ITS PATENT INFRINGEMENT COMPLAINT PURSUANT TO FED. R. CIV. P. 41(a)(2) with accompanying EXHIBIT A** was served by hand delivery on:

>James R. Ferguson, Esq.
>Mayer Brown LLP
>71 South Wacker Drive
>Chicago, IL 60606

and via electronic mail on:

>James R. Ferguson
>JFerguson@mayerbrown.com
>
>and
>
>Andrea C. Hutchison
>AHutchison@mayerbrown.com

Dated: January 27, 2009        _/s/ Kristin Julian_