Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzmán | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4853 | **DATE** | 9/18/2009 |
| **CASE TITLE** | First Trust Portfolio L.P. vs. Jackson Nat'l Life Ins. Co. et al. | | |

**DOCKET ENTRY TEXT**

For the reasons provided in this Minute Order, the Court grants plaintiff's motion to dismiss defendants' counterclaims [doc. no. 57]. The Court: (1) grants the motion as to Counts I, II, and III of defendants' counterclaims and dismisses them with prejudice; (2) grants the motion as to Counts IV, V and VI and dismisses them without prejudice with leave to replead them within fourteen days; and (3) strikes Counts VII and VIII with prejudice because the Court did not grant defendants leave to file any additional counterclaims other than those included in the First Amended Counterclaims. Failure to file Third Amended Counterclaims that comport with this Minute Order within fourteen days will result in the dismissal of Counts IV, V and VI with prejudice and the termination of this case.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

### Facts

Plaintiff sued defendants for patent infringement and then voluntarily withdrew its complaint and provided defendant with a covenant not to sue any of the defendants with respect to the patent in suit. Defendants' amended answer included counterclaims for a declaratory judgment of non-infringement (Count I), patent invalidity (Count II) and patent unenforceability (Count III), as well as for unfair competition under the Lanham Act (Count IV), common law unfair competition (Count V) and violation of the Illinois Uniform Deceptive Trade Practices Act (Count VI). After the Court granted plaintiff's motion to withdraw the complaint voluntarily, the Court permitted defendants to file a second amended answer with counterclaims in order to provide jurisdictional bases for the then-existing counterclaims. Plaintiff now seeks to dismiss defendants' counterclaims.

### Counts I-III of Defendants' Counterclaims: Declaratory Judgment

Plaintiff correctly argues that its covenant not to sue defendants with regard to its '432 Patent, along with its specific waiver of the right to recover past damages for infringement of the '432 Patent, divests the district court of subject matter jurisdiction over defendants' declaratory judgment counterclaims (Counts I-III). *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127-28 (2007); *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343-45 (Fed. Cir. 2007). The Court holds that there is no present controversy that warrants the issuance of a declaratory judgment.

Contrary to defendants' arguments otherwise, the law is well-established that a request for attorneys' fees under 35 U.S.C. § 285 does not require a declaratory judgment of patent unenforceability. *See Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229, 1242-43 (Fed. Cir. 2008) ("While the covenant [not to sue for infringement] may have eliminated the case or controversy pled in the patent-related counterclaims and deprived the district court of Article III jurisdiction with respect to those counterclaims, the covenant

**STATEMENT**

does not deprive the district court of jurisdiction to determine the disposition of . . . the request for attorney fees under 35 U.S.C. § 285." (quotation omitted)). Further, defendants fail to provide any support for their argument that a court must issue a declaratory judgment as to non-infringement, invalidity and unenforceability in order to determine the merits of state and federal unfair competition counterclaims. In *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1346-55 (Fed. Cir. 1999), and *Golan v. Pingel Enterprise, Inc.*, 310 F.3d 1360, 1365-73 (Fed. Cir. 2002), the Federal Circuit dismissed the patent infringement claims and declaratory judgment counterclaims and, without issuing any declaratory judgments, still determined whether the patents at issue were unenforceable for the purposes of determining state and federal unfair competition claims. Accordingly the Court dismisses defendants' counterclaims in Counts I, II and III with prejudice.

### Count IV: Unfair Competition Under the Lanham Act

Plaintiff also moves to dismiss defendants' counterclaims based on unfair competition under the Lanham Act for failure to state a claim. Claims alleging false representation under the Lanham Act are subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements. *MPC Containment Sys., Ltd. v. Moreland*, No. 05 C 6973, 2006 WL 2331148, at *2 (N.D. Ill. Aug. 10, 2006); *Fisher & Paykel v. LG Elecs., Inc.*, No. 03 C 50146, 2003 WL 21910622, at *1 (N.D. Ill. Aug. 7, 2003); *Hot Wax, Inc. v. Grace-Lee Prods., Inc.*, No. 97 C 6882, 1998 WL 664945, at *3-4 (N.D. Ill. Sept. 15, 1998); *see B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 857 F. Supp. 1241, 1243-44 (N.D. Ill. 1994). To meet the heightened pleading standard, defendants must allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992). "The absence of any necessary detail renders the pleading deficient." *MPC Containment*, 2006 WL 2331148, at *2.

The law is clear that a patentee's actions in enforcing its patent do not constitute unfair competition under the Lanham Act or analogous state laws. *Concrete Unlimited, Inc. v. Cementcraft, Inc.*, 776 F.2d 1537, 1539 (Fed. Cir. 1985) (recognizing a patentee's exclusive rights, including the right to "threaten[] alleged infringers with suit."). Further, a patentee's actions in enforcing a patent that was procured through inequitable conduct before the PTO does not amount to unfair competition. *ProMold & Tool Co. v. Great Lakes Plastics, Inc.*, 75 F.3d 1568, 1575 (Fed. Cir. 1996) ("The established remedy for inequitable conduct is unenforceability of the patent. . . . [T]here are adequate remedies to deal with inequitable conduct when it is found. Resort to federal unfair competition law is not one of them.")

However, when the "gravamen" of an unfair competition claim is based on a patentee's marketplace misrepresentations, the claim may survive preemption by federal patent law only if the patentee's marketplace misrepresentations were made in bad faith and all of the elements of an unfair competition claim are satisfied. *Zenith*, 182 F.3d at 1353-54. Bad faith in this context requires that "the patent claims asserted were objectively baseless, meaning no reasonable litigant could realistically expect to prevail in a dispute over infringement of the patent." *Judkins v. HT Window Fashion Corp.*, 529 F.3d 1334, 1338-39 (Fed. Cir. 2008) (internal citations omitted). "[O]nce the court concludes that the claims of infringement are objectively baseless, the court must then consider whether the claims were made in subjective bad faith." *Id.* at 1339.

Defendants have failed to plead sufficiently bad faith. Defendants allege that: (1) the '432 Patent is unenforceable for failure to include amendments required by the PTO during the patent examination proceedings (Second Am. Countercls. ¶¶ 25-26); (2) the '432 Patent is invalid based on anticipating prior art, which First Trust, in bad faith, failed to disclose to the PTO (*id.* ¶¶ 34, 37-42); and (3) First Trust "acted willfully, in bad faith and with intent to deceive" in making marketplace representations to defendants'

## STATEMENT

customers (*id.* ¶¶ 69-71, 98). However, the counterclaim's deficiencies include, but are not limited to, the failure to allege precisely who acted in bad faith, why the USPO issued a patent without the required amendments made by First Trust during the prosecution, how First Trust's scheme to hide the prior art from the PTO was implemented and who was involved, who made the misrepresentations to defendants' existing and potential customers, when were the misrepresentations made and how were the misrepresentations communicated.

Further, defendants are required to plead with particularity that: (1) First Trust "made a false or misleading statement of fact in commercial advertising or promotion about the [defendants'] goods or services;" (2) "the statement actually deceives or is likely to deceive a substantial segment of the intended audience;" (3) "the deception is material in that it is likely to influence purchasing decisions;" (4) First Trust "caused the statement to enter interstate commerce;" and (5) "the statement results in actual or probably injury to the [defendants Jackson and Mellon]." *See Zenith*, 182 F.3d at 1348 (internal citations omitted).

Defendants have failed to plead with particularity the elements of an unfair competition claim under § 43(a) of the Lanham Act. For example, with regard to the first element, defendants merely allege that "beginning at least as early as late 2007 and continuing to the present, First Trust, acting in bad faith in the course of its business, falsely represented to existing and potential customers of Jackson and Mellon that Jackson and Mellon had infringed (or were infringing) valid and enforceable claims of First Trust's patents." (Jackson's Second Am. Countercls. ¶ 71.) However, defendants do not allege who made misrepresentations to whom at which time. As for the second element, defendants allege that the "false and misleading statements are material because they were intended to (and likely did) influence customers' decisions." (*Id.* ¶ 97.) Again, this allegation is far too vague to put plaintiff on notice as to the conduct upon which the claim is based. With regard to all of the elements of the claim, defendants do not identify the person who made the misrepresentation, the precise time, place or content of the misrepresentation, the method by which the misrepresentation was communicated, or how the misrepresentations entered interstate commerce. In sum, defendants do nothing more than vaguely allege the elements of unfair competition under the Lanham Act. The Court dismisses Count IV without prejudice with leave to amend within fourteen days.

### Count V:  Common Law Unfair Competition

Defendants allege that, in violation of common law, First Trust's conduct "constitutes unfair competitive acts and trade practices in Illinois and elsewhere" and that these acts and practices are "deceptive." (*Id.* ¶¶ 103, 106.) First, to the extent that this allegation does not put plaintiff on notice as to which states' (other than Illinois') common law applies, the Court grants the motion to dismiss. Second, because defendants' allege that their common law unfair competition claim is based on deceptive acts and practices that misrepresent the truth, the heightened pleading standard applies. *Cf. Appraisers Coalition v. Appraisal Inst.*, 845 F. Supp. 592, 608-09 (N.D. Ill. 1994) (stating that claims based on misrepresentation must be pleaded with particularity pursuant to 9(b)). For the same reasons provided above, the Court grants plaintiff's motion to dismiss Count V because defendants' have not pleaded with particularity the deceptive acts upon which their common law claim is based. Count V is dismissed without prejudice with leave to amend within fourteen days.

### Count VI:  Illinois Uniform Deceptive Trade Practices Act

The Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.*, is simply a codification of common law unfair competition. *Mars, Inc., v. Curtiss Candy Co.*, 290 N.E.2d 701, 704 (Ill. App. Ct. 1972). "Claims for unfair competition and deceptive business practices brought under Illinois statutes are to be resolved according to the principles set forth under the Lanham Act." *Spex, Inc. v. Joy of*

## STATEMENT

*Spex, Inc.*, 847 F. Supp. 567, 579 (N.D. Ill. 1994) (citing *Gimix, Inc. v. JS&A Group, Inc.*, 699 F.2d 901, 908 (7th Cir. 1983)).  "A violation of the Illinois Consumer Fraud and Deceptive Business Practices Act based on misrepresentation or fraud must be plead with the particularity of Rule 9(b) of the Federal Rules of Civil Procedure." *Appraisers Coalition*, 845 F. Supp. at 608-09 (N.D. Ill. 1994).

Accordingly, for the same reasons provided with regard to the Lanham Act and common law unfair competition claims, the Court grants plaintiff's motion to dismiss Count VI. The Court dismisses Count VI without prejudice with leave to replead within fourteen days.

### Counts VII and VIII:  Abuse of Process and Malicious Prosecution

After the Court granted plaintiff's motion to withdraw the complaint voluntarily, the Court permitted defendants to file a second amended answer with counterclaims in order to provide jurisdictional bases for the then-existing counterclaims, including the declaratory judgment counterclaims.  When defendants filed the second amended answer with counterclaims, however, they included two additional claims:  Count VII Abuse of Process and Count VIII Malicious Prosecution.  Because the Court did not grant defendants leave to file any additional counterclaims other than those included in the First Amended Counterclaims, the Court strikes Counts VII and VIII.  Counts VII and VIII are stricken with prejudice.